Pennington, J.
— The two first reasons assigned for the reversal of this judgment are,
1st. Because the plaintiff below brought an action of trespass on the case, and judgment was rendered accordingly, when the plaintiff’s demand, as filed, was in detinue.
2d. Because the plaintiff’s state of demand as filed, contains neither time or place of the detinue having been committed.
The record shows that the action was in case, and the state of demand is in the following words: “ The plaintiff demands eighty dollars of the defendant, for detaining a roan mare and a heifer, the property of the plaintiff, wrongfully; and therefore she brings this suit.” It really appears to me that if this state of demand is to be supported at all, it must be as a demand in detinue. If it be considered as a special action on the case, it is certainly grossly defective, inasmuch as no special circumstances are stated. If it is to be viewed as a demand in trover, it is equally defective, for that no conversion [*] is stated. If in detinue, it is at variance with the style of the action; and after all, the cause of action very defectively set out — whichever way it is to be taken, it appears to me, it cannot be supported. In cases of tort, especially, a legal cause of action ought to be set out, not with technical nicety, but a substantial legal cause of action ought to be made to appear on the record. It cannot be said in this case, that the' plaintiff was without counsel; as I observe that the state of demand is signed by an attorney and counsellor of this court. My opinion is, that this judgment ought to be reversed.
Judgment affirmed.
Cited in Scott v. Beatty, 3 Zab, 256; Pat. and Ram. R. R. Co. v. Ackerman, 4. Zab. 535; Davis v. Township of Delaware, 12 Vr. 58.